Ms. Rose, are you ready to proceed? I am. Please do so. May it please the Court. My name is Amy Rose, and I am with the Office of the State Analysis Unit. I represent Burt Wenzel. Your Honors, today I am going to address Issues 1 and 2 and stand on my brief for the remaining issues. Today, we are asking this Court to reverse the trial court's denial of Mr. Wenzel's motion to withdraw his guilty plea, motion to reconsider sentence, vacate the judgment, and remain in trial court so he can plead innocent. The first thing I would like to discuss is when the trial court advised Mr. Wenzel, according to Supreme Court Rule 402, admonishments that the range was 6 to 60 years. That range was in violation of the Constitutional Prescription in the Sex Post Act Bill. Mr. Wenzel pled guilty to predatory criminal sexual assault of a child and got 16 years in prison on January 28, 2010. He subsequently filed a motion to withdraw the guilty plea and a motion to reconsider the sentence, and both were denied. The crime was committed in March of 2008. The statute regarding class-act sentencing was amended on June 1, 2008. The crime he committed was categorized as a class-act felony. Beginning June 1, 2008, the statute stated that a person convicted of that subsection of the plea, which was the predatory criminal sexual assault of a child, committed a class-act felony. The person shall be sentenced to no less than 6 and no more than 60 years. Prior to June 1, that same violation of the statute resulted in a sentencing range from 6 to 30 years. This improper sentencing range, 6 to 60 years, was first stated in the information filed in Richland County on May 13, 2008. According to the Statute on Statutes, Mr. Wenzel has the right to serve a sentence under the law that was in effect at the time of the crime. Further, under both the United States and Illinois Constitution, Mr. Wenzel has the right to be free from increased penalties enacted after the crime. This is precisely what happened in this case. The sentencing range was increased from 6 to 30 to 6 to 60, a mere three months after the crime. Now, the state claims that Mr. Wenzel waived this issue because it was not raised at sentencing or any of his post-plea motions. For several reasons, the state's argument is misguided. First, the sentencing statute regarding class-act sentencing is misapplied to Mr. Wenzel, therefore making this an ex post facto claim, which is a constitutional claim that can be raised at any time. However, if this Court does determine that the issue was waived, plain air analysis would warrant that the denial of Mr. Wenzel's post-plea motion be vacated. While the evidence is undisputed and quite clear regarding the actual condition of the crime, when looking at Problem 2 of the plain air analysis, it clearly shows that this air, the application of the wrong sentencing statute, was so fundamental that he was denied a fair hearing. Mr. Wenzel entered into a plea and had the subsequent sentencing hearing in which the parties and the Court were all misinformed regarding the appropriate sentencing range. Finally, the state claims that Mr. Wenzel was not harmed by the sentence he received, which was 16 years. However, it's very clear that he was prejudiced by this air and it was not harmless. There is a strong probability that Mr. Wenzel would not have entered into this plea had he been properly admonished. If he would have been correctly admonished and the sentencing cap was still 30 years, which would have been the maximum under this sentencing statute that he could receive, it's not very likely that he would have entered into this negotiated plea. On page 4 of the state's brief, it actually acknowledges that under the terms of the prior statute, the most that Mr. Wenzel would have received was 30 years. The harm here is Mr. Wenzel entered into a negotiated plea with the improper application of the sentencing statute. Yes, he received 16 years, which is less than the maximum of 30, but when he entered into this negotiated plea, he found he was receiving a very substantial reduction in the sentence, which he did not. Next, the trial court aired when denying the motion to withdraw the guilty plea because it was not knowing and voluntary due to the improper Supreme Court Rule 402 admonishments. And because this resulted in a substantial injustice to Mr. Wenzel, his guilty plea must be vacated and the cause remanded so he can plead anew. Due process requires that a guilty plea be both knowing and voluntary. The safeguards when a defendant enters into a guilty plea are classified under Illinois Supreme Court Rule 402. From the information filed in Richland County through the sentencing hearing, Mr. Wenzel was informed that the sentencing range for which he was eligible for was 6 to 60 years. Unfortunately, Mr. Wenzel incorrectly assumed that he was being properly admonished each time. The court, along with the state and his trial attorney, were all operating under the incorrect sentencing statute. And because of this plea, the plea was not knowing and intelligent. And there was a factual basis. I'm sorry. This plea was not knowing and intelligent, and this is a clear violation of due process. 402 requires that the court admonish Mr. Wenzel personally in open court regarding the nature of the charge, the possible sentence and rights waived to determine that the plea was voluntary, and that there was a factual basis for the plea. This was not a plea based on full knowledge of the statutory sentencing range, and Mr. Wenzel waived his rights afforded to him under both the United States and Illinois Constitution, and agreed to be sentenced according to an inapplicable portion of the statute, which was the amendment that was enacted June 1, 2008. The state argues that since this issue was not raised in a motion for reduction of sentence in the post-plea hearing, that this issue was not preserved. However, Mr. Wenzel argues that this is subject to plain error analysis due to the improper admonishments that led to an improper sentence. If, however, this court finds that plain error does not apply, then clearly Mr. Wenzel received ineffective assistance of counsel, and this is why this issue was not raised in any of his post-plea motions or subsequent hearings. His trial counsel erroneously informed him that if his sex offender evaluation came back favorably for him, then he could withdraw his guilty plea. Knowing it would be a favorable evaluation, Mr. Wenzel relied on this incorrect advice. In other words, the reason he did not raise this in any of his motions or the subsequent hearing was because his trial counsel improperly advised him. To put it simply, his plea was erroneously induced. His plea was based upon false information given to him by the court, the state, and his own attorney. For these reasons, we're asking this court to reverse the trial court's denial of Mr. Wenzel's motion to withdraw guilty plea, motion to reconsider sentence, vacate the judgment, and remand to the trial court so he can plead guilty. I'm going to ask you just a couple questions, and they're kind of obvious, but I'm going to ask them anyway. If we reverse this and send it back for a new plea, what is the sentencing range this man is going to face? Minimum of six years, maximum of 30 years. So he's not bound. The cap is not 16. The judge can sentence him to 14 more years in the penitentiary. Do you think he clearly understands that when he goes back, he can get almost double the sentence he currently has? I mean, you don't even have to answer that. The facts of this case are quite impressive, it would look like. I mean, you know, you would have had sexual intercourse with a 12-year-old, she had a child, there's DNA, there appears to be some evidence that he made a statement. So, you're sure he understands that if he gets what he asked for, he could double his sentence? Yes, Your Honor, I've spoken with him regarding the ramifications. And then he could, if he decides differently after that, this he could let us know also. Okay. Thank you. State can argue. May I please report? Counsel. My name is Sharon Shanahan and I represent the people of the state of Illinois. In the last issue on appeal in this case, counsel notes that defense counsel failed to file a 604-D certificate. The state has confessed error on this issue and therefore remand is required. The filing of a 604-D certificate is not just a piece of paper. I mean, the whole reason that remand is mandatory is because it reflects the fact that defense counsel has reviewed the potential plans with the defendant and made any, make sure that the post-trial motion reflects all of the issues that the defendant wants to raise. Therefore, remand for the 604-D certificate also allows defense counsel to amend the post-trial motion. That makes basically all the other issues. For example, issue two, which counsel just discussed, the issue is the denial of the defendant's motion to withdraw his guilty plea. If that motion to withdraw guilty plea is different on remand than it is now, then this issue is. Are you basically saying we should allow the trial judge to have the first shot at this after he or she has been fully informed of what the points of error are? Correct. If defense counsel on remand wants to raise, let me first note that as the motion to withdraw a guilty plea stands right now, the only issue raised is that trial counsel told the defendant that if the sex offender evaluation was favorable, he could withdraw the guilty plea. That's the only issue in the post-trial motion right now. The issue that the defendant is attempting to bring before this court was never raised. So, as it stands right now, it certainly, since it's never been before a trial court, it certainly can't be raised here. Theoretically, defense counsel could decide to raise this on remand. Issue four deals with the motion that was filed to reconsider the sentence. That motion dealt with three issues, that the 13-year-old victim was not available to testify, that the 16-year-old sentence imposed for the crime was of a longer duration than warranted, and that the sentence did not take into consideration the sex offender evaluation report. Again, the issue raised on appeal is that the most the defendant could raise under the statute and effective time was 30 years, not 60 years. That issue is not in the motion to reconsider. It's never been before a trial court. It's not properly before this court. But because of the failure to file the 604E, maybe defense counsel would want to raise it, maybe he won't. I would like to touch on just very briefly on a few issues that I think just have absolutely no merit. But one of them is the Crankle issue. Defendant claims, and I'm quoting here from Defendant's brief on page 15, that he did not receive effective assistance of counsel at the guilty plea hearing or the sentencing hearing. He then argues that, again quoting, the failure of the trial court to conduct an inquiry left defendant's case with an outstanding question. Was the guilty plea and sentencing attorney effective? What's overlooked here is that defendant was given new counsel. It was not in between the plea and the sentence, but it was immediately after the sentence. And that newly appointed counsel can and did address, and again I'm quoting from Defendant's brief, the outstanding question, was the guilty plea and sentencing attorney effective? So there can't be a Crankle violation here. Even if you say, well, the trial counsel should have conducted a Crankle inquiry in between the guilty plea and sentencing on the basis of this very questionable note that's in the record, the error is harmless since right after sentencing, defendant got new counsel. The same issues could be raised by the attorney that was appointed after sentencing as could have been raised by any attorney that had been in between the two of them. Issue 5 is a claim of ineffective assistance of counsel. Again, quoting from Defendant's brief, trial counsel failed to file the motion to withdraw his guilty plea when the sex offender evaluation did reflect that Mr. Wenzel was not a sexual deviant. He also failed to follow through with filing the motions he promised defendant after the negotiation. Since the letters that the defendant filed were treated by the trial court as a motion to withdraw a guilty plea, and since a new attorney was filed to represent the defendant, and since that attorney presented evidence at the hearing about the defendant's desire to withdraw his guilty plea, and argued the same thing at the motion to withdraw the guilty plea, again, there's no prejudice here. So there is no basis for the claim of ineffective assistance set forth in Defendant's brief. There is no basis for the crankle violation. And returning to the first issue, I believe there's no basis for the ex post facto claim as noted in the State's brief. This issue has been waived. Now, defendant says constitutional issues can't be waived. That's what was said to this court just now. More specifically, in the reply brief, defendant claimed that the issue is not forfeited because a constitutional challenge to a statute can be raised at any time. The defendant is not challenging the constitutionality of the statute. The defendant is simply claiming that there was an ex post facto application of a constitutional statute. Statute is constitutional. Defendant doesn't argue otherwise nor could he. So the claim is strictly a constitutional claim, not a constitutional challenge to a statute. And our Supreme Court has repeatedly held that even constitutional errors can be forfeited under the Plain Error Act. And under Plain Error, there's clearly no prejudice here. As you've noted, Justice Donovan, there's just no doubt the defendant committed this crime. Under the terms of the plea, the defendant could not be sentenced to more than the 30-year statute that should have been applied. Couldn't have been. If defendant had been sentenced to 31 years, then he might have an ex post facto claim. Or he would have an ex post facto claim. But it's not. It's 30. It's under the terms of the plea and it's under the terms of the statute. Moreover, he didn't get anything even remotely close to the maximum. I don't think that would affect his decision to plead, though, if he thought he was facing 60 years instead of 30 years. I mean, I know, but it seems like a plausible argument. It could affect it, but given the other benefits that he received from this, and moreover, as I will go back to the fact that this wasn't raised in the law, it's been forfeited. There are no other questions. Thank you. Any rebuttal? When opposing counsel argued under the Franco issue, issue number 3 in the brief, she stated that immediately after Mr. Wenzel was sentenced, he received new counsel. And I just wanted to clarify some dates. Mr. Wenzel was sentenced on January 28th, 2010, and his new attorney did not file a motion on his behalf until April 30th of the same year. Immediately after he was sentenced, which was February 1st of 2010, he began filing his own pro se motions. Next, counsel argues that the ex post facto issue was waived and that it's not a constitutional claim. And I would argue that it is under both the United States and Illinois Constitution that defendants are free from increased penalties. And I just want to argue that he was, this is a violation, and it's a constitutional violation under ex post facto. Thank you. Thanks to both of you for your arguments this morning. We're going to take the matter under advisement and provide you with a decision. Thank you.